﻿Citation Nr: AXXXXXXXX
Decision Date: 06/25/19 Archive Date: 06/25/19

DOCKET NO. 190611-7504
DATE: June 25, 2019

ORDER

Readjudication of the claim for service connection for chronic intermittent diarrhea is warranted.

REMANDED

Entitlement to service connection for chronic intermittent diarrhea is remanded.

FINDING OF FACT

New evidence was received after the September 2012 denial that is relevant to the issue of entitlement to service connection for chronic intermittent diarrhea.

CONCLUSION OF LAW

The criteria for readjudicating the claim for service connection for chronic intermittent diarrhea have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in April 2017 and a statement of the case was issued in May 2019. In June 2019, after the issuance of the statement of the case, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 171 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2400(c)(2)).

The Veteran served on active duty from February 1965 to January 1969. In his June 2019 Decision Review Request, the Veteran requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). The Board will therefore consider the evidence of record at the time of the May 2019 statement of the case. 

1. New and Relevant Evidence 

The Veteran contends that he submitted evidence with his legacy system petition to reopen his claim for service connection for chronic intermittent diarrhea that is new and relevant and warrants readjudication of the issue. 

VA will readjudicate a claim if new and relevant evidenced is presented or secured. AMA, Pub. L. No. 115-55, § 5108, 131 Stat. 1105, 1109. “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. AMA, Pub. L. No. 115-55, § 101(35), 131 Stat. 1105, 1105.

The questions in this case are whether the Veteran submitted evidence after the prior final denial of his claim for service connection for chronic intermittent diarrhea in the legacy system, and if so, whether that evidence is new and relevant to his claim. 

The Board finds the Veteran submitted new evidence after the prior final rating decision in the legacy system that is relevant to his claim. The Veteran submitted October 2012 VA treatment records and statements in support of his claim dated April and May 2015 that were not already of record and may prove or disprove the Veteran's claim. Readjudication of the claim is therefore warranted.

REASONS FOR REMAND

1. Chronic Intermittent Diarrhea

The issue of entitlement to service connection for chronic intermittent diarrhea is remanded to correct a duty to assist error that occurred prior to the decision on appeal. The Veteran was not been afforded a VA examination for his claimed disability. VA and private treatment records of record prior to the decision on appeal show that the Veteran had been given diagnoses of chronic and episodic diarrhea. The Veteran also provided several lay statements indicating that he experienced chronic attacks of diarrhea since he was stationed in Thailand, while on active duty service. As such, the Veteran’s appeal must be remanded for a VA examination. See 38 U.S.C. § 5103A (d)(2); 38 C.F.R. § 3.159 (c)(4)(i); McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The matter is REMANDED for the following action:

1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any chronic diarrhea disability. The examiner must opine whether any disability identified is at least as likely not (50 percent or greater probability) related to an in-service injury, event, or disease, including his in-service injuries. 

(Continued on the next page)

 

The examiner should also opine whether it is at least as likely not (50 percent or greater probability) that any diagnosed disability (1) began during active service, (2) manifested within a one-year period after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service.

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD E. Mine, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.